Dated: 3/12/2014

Marian F. Harrison
US Bankruptcy Judge



# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) |
| | ) CHAPTER: 13 |
| JOURDON LYNN POLSON | ) CASE NO.: 313-09627 |
| BRITTNIE NICOLE POLSON | ) JUDGE: HARRISON |
| SSN: XXX-XX-6315; XXX-XX-7015 | ) |
| | ) |

**AGREED ORDER TO MODIFY CHAPTER 13 PLAN TO PAY POST PETITION OBLIGATION OF INLAND BANK THROUGH THE PLAN**

BY AGREEMENT OF THE DEBTORS AND CHAPTER 13 TRUSTEE, evidenced by signatures entered below respectively, it is hereby agreed that:

1. The Confirmation Order entered 1/17/2014 listed Title 11 as the creditor for an unknown auto purchase. The correct creditor should be Inland Bank or its assignee.

2. The Debtors are authorized to finance through Inland Bank a 2011 Honda Civic, VIN#19XFA1F54BE005387 ("motor vehicle"). The amount to be financed is $14,899.00 at an interest rate of 22%, and an ongoing monthly payment of $411.41 over a term of 60 months. Except as set forth herein, all other plan provisions of the Order confirming the Debtor's Chapter 13 plan on 1/17/2014 shall remain unaffected by this Agreed Order.

2. The debtor has obtained auto insurance through Priority Insurance on the 2011 Honda Civic. The regular on-going premium is $125.13 effective 1/28/2014. The claim of Priority Insurance should be treated as an administrative expense, to be paid at $125.13 monthly, effective 1/28/2014.

3. The Debtor's plan payments will increase to $361.50 bi-weekly and the base will increase to $46,954.00.

4. The Trustee shall allocate interest and principal on the payments to Inland Bank or its assignee and the Trustee shall treat the claim as a fully secured claim paid pursuant to §1325(a)(5)(B) in that the last payment on the claim will occur prior to the last payment under the plan.

5. The Debtors waive discharge of this post-petition debt to Inland Bank or its

assignees. The monthly payments to Inland Bank or its assignee shall be disbursed as a Class 1 secured claim.

6. The parties further agree that should the Debtors default either on their Plan payments or insurance, Inland Bank or its assignee shall notify Debtors and Debtors' counsel of the default and, if the default is not cured within ten (10) days of such notice, Inland Bank or its assignee may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "'Notice of Default Constituting Order of Relief from Stay" without the necessity of the filing of a motion for a hearing in this Court.

7. No other creditors will be affected.

*THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY.*
*IX ] \DICA TED A T THE TOP OF THE FIRST PA GE.*

APPROVED FOR ENTRY:

/s/ Adrienne Nicole Trammell-Love
ADRIENNE NICOLE TRAMMELL-LOVE
TRAMMELL LAW FIRM, PLLC
2594B MURFREESBORO RD
NASHVILLE, TN 37217
615-243-7979
Fax : 615-246-4186
Email: Trammellfirm@gmail.com

/s/ Henry E. Hildebrand, III
HENRY E. HILDEBRAND. Ill
CHAPTER 13 TRUSTEE
PO Box 340019
Nashville, TN 37203-0019
(615)244-1101 (telephone)
(615)242-3241 (facsimile)
pleadings@ch13nsh.com

Digitally signed by Henry E. Hildebrand, III
DN: cn=Henry E. Hildebrand, III, o=Office of the Chapter 13 Trustee, ou=Chapter 13 Trustee, email=pleadings@ch13nsh.com, c=US
Date: 2014.03.11 10:40:40 -05'00'

This Order has been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.